**464**

Daniel Ray HUGHES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–617.

Court of Criminal Appeals of Oklahoma.

Nov. 30, 1976.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Daniel Ray Hughes, hereinafter referred to as the defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–75–3180, for the offense of Oral Sodomy, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 886. The jury returned a verdict fixing the defendant's punishment at ten (10) years' imprisonment in accordance with 21 O.S.1971, § 51. The trial court pronounced judgment and sentence in accordance with the verdict. From said judgment and sentence an appeal has been filed with this Court.

At trial, the prosecuting witness testified that on August 14, 1975, she was a nude go-go dancer employed at an Oklahoma City club. She was introduced to the defendant by her husband that night at another night club after she got off work. The trio visited together for several hours, with the victim's husband and the defendant, drinking alcoholic beverages. During this time, the defendant allegedly offered the victim and husband $2,400 to move to Memphis, where he would provide them with employment. The defendant also offered the couple a place to live in Oklahoma City for a week before he would move them to Memphis. At approximately 2:30 a. m., as the defendant was driving the couple to their car, he suggested they stop at an all-night convenience store and buy some beer. The victim's husband went inside and the defendant drove away with the victim. The defendant produced a small pocket knife which he held to the victim's throat with his arm around her

neck. During a brief struggle, the victim received a slight wound to her chin. After giving up the struggle, the victim was driven to an isolated area where she was forced to undress and commit several acts of oral sodomy on the defendant. She also was allowed to testify at trial as to rape and anal sodomy committed on her by the defendant. The defendant again forced the victim to perform oral sodomy on him until he obtained an emission. Subsequently, the victim and the defendant dressed and began driving again. The defendant told the victim that he was taking her to where her car had been earlier in the evening, but drove to a field where he again forced her to commit oral sodomy on him until he achieved a second emission. The victim was then set free a couple of blocks from where her car had been earlier in the evening. The defendant gave her a dime to call her husband, but warned her that he was a former felon and she and her husband would be killed by friends of the defendant if the attack was reported to the police. After walking to where her car had been parked and finding it gone, the victim went to a nearby convenience store where she called the police and reported the attack. She also called friends and asked them to locate her husband and tell him where she was.

Dr. Daniel Tallerico testified that on August 15, 1975, he examined the victim and found she had a small superficial wound on her chin and a superficial laceration of her anus. Deputy Don Lynn of the Oklahoma County Sheriff's department testified that the site of the first attack was in Oklahoma County.

The wife of the defendant testified that he came home a little before 2:00 a. m. on August 15, 1975, that he was very drunk and that he did not leave the house all day. She said her husband had gone to Shawnee the day before and had called her from there around 8:30 p. m. In her experience, she said her husband had no sexual drive when he had been drinking.

The defendant testified that on August 14, 1975, he had gone to Shawnee to get his father's help in borrowing money to pay utility bills. He borrowed the money, called his wife and started back home that evening. He went to a club in Oklahoma City and began drinking. The defendant estimated that he drank fourteen beers in Shawnee and most of a quart of whiskey after he got to Oklahoma City. The defendant admitted meeting the victim's husband at the club and, subsequently, the victim and her husband joined him at another club, where they all had drinks poured from his bottle. The victim's husband tried to borrow $20 from the defendant, and then asked the defendant to drive them to a club so that he could pick up his pay check. At this club, the defendant said he left the victim and her husband and went home, although he could not remember how he got home or much of anything else after that. The defendant denied owning a knife or threatening the victim with one. In general the defendant denied any of the events of the attack that the victim had testified about. He admitted the previous convictions, waiving his right to a bifurcated proceeding and allowing the jury to decide both his guilt and sentence in one proceeding.

■ The first assignment of error raises the issue of the sufficiency of the evidence to support the verdict. This Court has consistently held and continues to hold that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See, e. g., *Jones v. State*, Okl.Cr., 468 P.2d 805 (1970).

■ The final assignment of error presents the question of whether the sentence is excessive. Since the sentence the

defendant received is the minimum allowable under 21 O.S.1971, § 51, it cannot be said to be excessive.

For the above and foregoing reasons, the judgment and sentence appealed from are, accordingly, AFFIRMED.

BUSSEY and BLISS, JJ., concur.