Letha Jean HOCKERSMITH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–94–0707.

Court of Criminal Appeals of Oklahoma.

Oct. 7, 1996.

Charles L. Richardson, Chadwick R. Richardson, Tulsa, for Defendant at trial.

Timothy H. Harris, Assistant District Attorney, Tulsa, for the State at trial.

Linda H. McGuire, Norman, for Appellant on appeal.

W.A. Drew Edmondson, Attorney General, David Hudson, Assistant Attorney General, Oklahoma City, for Appellee on appeal.

### ORDER GRANTING REQUEST FOR PUBLICATION

On August 9, 1996, this Court reversed and remanded for retrial Appellant's conviction for First Degree Murder by Committing Child Abuse, tried in the District Court of Tulsa County, Case Number CF–93–1043, before the Honorable Jay D. Dalton, District Judge. We determined that the jury instructions used to define the term "wilful" was confusing, contradictory and potentially misleading as applied to a charge of First Degree Murder by Child Abuse.

Pursuant to *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1995, Ch. 18, Rule 3.10, Appellant filed a Motion to Publish Opinion, requesting this Court publish the opinion issued in this case to assist trial judges, prosecutors and defense attorneys in future Child Abuse Murder cases by avoiding repetition of the error that occurred in Appellant's case.

Having examined Appellant's motion this Court finds that Appellant's request should be, and the same hereby is **GRANTED.** The opinion issued in Appellant's case shall be released for publication.

**IT IS SO ORDERED.**

/s/ Charles A. Johnson
PRESIDING JUDGE

/s/ Charles S. Chapel
VICE PRESIDING JUDGE

/s/ Gary L. Lumpkin
JUDGE

/s/ James F. Lane
JUDGE

/s/ Reta M. Strubhar
JUDGE

## SUMMARY OPINION

LANE, Judge.

Appellant Letha Jean Hockersmith was convicted of Murder in the First Degree by Committing Child Abuse in the District Court of Tulsa County on April 18, 1994, Case No. CF–93–1043 following a jury trial before the Honorable Jay D. Dalton, District Judge. A sentencing hearing was held June 3, 1994, at which time the trial court accepted the jury's recommendation and sentenced Appellant to life in prison. It is from this judgment and sentence that Appellant has perfected her appeal.

Appellant raises the following propositions in support of her appeal:

I. Fundamental error occurred when the jury was not properly instructed as to the elements of the offense; therefore Appellant's conviction must be reversed and remanded for a new trial;

II. The trial court did not conduct the statutorily mandated 120 day judicial review; the Court should consider suspending a portion of Appellant's sentence;

III. The trial court abused its discretion when it allowed State's exhibits 3, 5, and 6 to be admitted into evidence; the photographs were prejudicial and improper admission of those exhibits denied Ms. Hockersmith of the fundamental right to a fair trial;

IV. Defense counsel's motion for mistrial, on the ground that the State did not comply with discovery requests, should have been granted; and

V. The evidence was insufficient to sustain the conviction for First Degree Murder by Child Abuse.

After thorough consideration of these propositions and the entire record before us on appeal, including the original record, transcripts, and briefs of the parties, we have determined that Appellant's conviction should be **REVERSED** and **REMANDED** for a new trial. We find Proposition I worthy of discussion and find that the remaining propositions of error are without merit.

Appellant claims at Proposition I that the instructions given at trial did not properly define the elements of first degree murder by child abuse, nor did they properly define the term "willful", amounting to fundamental error requiring reversal. Her claim is that the definition of "willful" as given to the jury eliminated the State's burden to prove criminal *mens rea,* and that it made the crime an absolute liability crime.

Appellant was charged with First Degree Murder pursuant to 21 O.S.1991, § 701.7(C), which provides:

A person commits murder in the first degree when the death of a child results from the willful or malicious injuring, torturing, maiming or using of unreasonable force by said person or who shall willfully cause, procure or permit any of said acts to be done upon the child pursuant to § 843 of this title.

§ 843 reads (in pertinent part):

§ 843. **Abuse of Children—Penalty**

Any parent ... who shall ***willfully*** or maliciously injure, torture, maim, use unreasonable force upon a child under the age of eighteen (18), or ... who shall cause, procure or permit any of said acts to be done, shall upon conviction be punished by imprisonment in the State Penitentiary not exceeding life imprisonment or ... (emphasis added)

Instruction No. 8 given to the jury read as follows:

No person may be convicted of Murder in the First Degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are: *First*, the death of a human; *Second*, the death was unlawful; *Third*, the death was caused by the Defendant; *Fourth*, the death was caused within a year and a day of the infliction of the injury causing death.

Instruction No. 9 read:

*Wilful*—Purposeful. "Wilful" does not require any intent to violate the law, ***or to injure another***, or to acquire any advantage. (emphasis added)

Instruction No. 9, in addition to defining the term willful, defined the terms malicious, torture, unreasonable force. The only definition not taken from the OUJI–CR (Oklahoma

Uniform Jury Instructions–Criminal) was the definition of torture.

In addition to the instructions 8 and 9, the court also gave instruction No. 7 which recited the statutory language of § 701.7(C). The language in that statute is recited above.

Appellant further claims that instruction No. 9 given at trial defined the term "wilful", even though the jury was never instructed that the State had to prove that any actions were done in a "willful" manner. She also alleges that the definition of "willful" as given was contradictory, confusing and potentially misleading. The State counters by arguing that the instructions, read as a whole, properly define the elements of the offense which it was required to prove.

 First it should be noted that Appellant agreed to the jury instructions as submitted, and did not submit any additional instructions which would have properly defined the elements as she now claims they should have been defined. Secondly, we have repeatedly held that where the instructions given adequately cover the subject matter, any error is waived by the failure to object or submit instructions. Therefore, our review here is limited to plain error. *Simpson v. State*, 876 P.2d 690 (Okl.Cr.1994).

 In this case, we find that the instructions, as given, were incorrect, and amounted to plain error requiring reversal. The problem here is that the definition of "willful" is exactly as Appellant claims it is: confusing, contradictory and potentially misleading. 21 O.S.1991, § 843, titled *Abuse of Children—Penalty,* provides that injury inflicted upon a child must be willful before punishment can be assessed. The definition of "willful" taken from the OUJI–CR specifically states there need be "no intent to injure".

In *Drew v. State,* 771 P.2d 224, 229 (Okl. Cr.1989), we found § 701.7(C) to be constitutional despite the Appellant's claim that the *mens rea* required for the homicide was presumed from the *mens rea* required under the felony child abuse statute, 21 O.S.1981, § 843. We held:

> Where the prosecution attempts to utilize § 701.7(C) for a murder conviction, it must first establish that all of the elements of

child abuse under 21 O.S.1981, § 843 are proved beyond a reasonable doubt. Included among those elements is the *requirement that the acts be committed in a willful or malicious manner.* (emphasis added.)

Had the instruction of "willful" given to this jury not contained the phrase **"or to injure another"** there would have been no problem, and the State's assessment of the situation would have been correct: all of the elements it was required to prove would have been contained in the instructions as given, and the fact that they were not given as one instruction is not decisive. However, the elimination of the intent to injure included in definition No. 9 is contradictory to the statutory language of § 843 and its specific intent requirement.

We therefore **REVERSE** and **REMAND** this case for a new trial.

## DECISION

The Judgment of the trial court is **REVERSED** and the case **REMANDED** for a new trial.

JOHNSON, P.J., and STRUBHAR, J., concur.

LUMPKIN, J., dissents.

LUMPKIN, Judge: dissenting.

I dissent to the Court's decision in this case due to the fact Appellant did not object at trial. Had she done so, this *may* be a different matter, as the instructions were arguably somewhat confusing. The record reflects she did not object and given that an instruction defining murder by child abuse was given, I have no "grave doubts" this failure had a "substantial influence" on the outcome of the trial. *Simpson v. State,* 876 P.2d 690, 702 (Okl.Cr.1994).

Appellant complains this is a strict liability crime, as it eliminated the requirement to prove criminal *mens rea.* That is simply incorrect.

A statute is not of the strict liability variety simply because it permits conviction of the defendant without proof that he

was aware his conduct was criminal. Although a statute might be drafted in such a way that such awareness is required for conviction, ... in the absence of such a requirement there usually exists a mens rea requirement that defendant intend or know what he is doing in a physical sense (apart from knowledge as to its legality).

1 LaFave and Scott, *Substantive Criminal Law*, § 3.8 n. 1 (West 1986). A company who dumps Plutonium in the Cimarron River without knowing about it may be subject to punishment for violating a strict liability crime; a company who knows about it possesses a *mens rea*.

The following instructions were given at trial:

### INSTRUCTION NO. 7

A person commits Murder in the First Degree when the death of a child results from the willful or malicious injuring, torturing, maiming or using or unreasonable force by said person or who shall wilfully cause, procure or permit any of said acts to be done upon the child pursuant to Section 843 of this title.

### INSTRUCTION NO. 8

No person may be convicted of Murder in the First Degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are: *First,* the death of a human; *Second,* the death was unlawful; *Third,* the death was caused by the defendant; *Fourth,* the death was caused within a year and a day of the infliction of the injury causing death.

### INSTRUCTION NO. 9

"Malicious"—The term imports a wish to vex, annoy or injure another person.

"Torture"—Infliction of severe pain by unlawful acts.

"Unreasonable Force"—More than that ordinarily used as a means of discipline.

1. Which reads:
B. A person also commits the crime of murder in the first degree when he takes the life of a human being, regardless of malice, in the commission of forcible rape, robbery with a dangerous weapon, kidnapping, escape from lawful custody, first degree burglary, first degree arson,

"Wilful"—Purposeful. "Wilful" does not require any intent to violate the law, or to injure another, or to acquire any advantage.

(O.R. 129–31).

As I read the opinion, the instructions would have been sufficient had the definition of "willful" not contained the phrase "or to injure another." *See supra,* at 795. It is this phrase "or to injure another" which troubles the majority. As the following discussion shows, there is no merit to this whatsoever.

The definition of "willful," which the majority would believe is incorrect, is based on a statute. It reads:

The term "willfully" when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or the omission referred to. It does not require any intent to violate the law, *or to injure another,* or to acquire any advantage.

21 O.S.1991, § 92 (emphasis added). To say that the trial court did not define "willful" correctly is to say the statutory definition of the term, as passed by the legislative body of this State, is incorrect. This cannot be.

This Court has rejected the argument that the term "willful" means with a special intent. *See Tarver v. State,* 651 P.2d 1332, 1334 (Okl.Cr.1982) (appellant convicted of manslaughter in the killing of an unborn quick child; in rejecting his argument "willful" meant "specific intent," this Court said "the word 'willfully' is equivalent to 'knowingly,' as opposed to 'accidentally' or 'involuntarily.' ").

One need not "know" injury will follow in order to be guilty of a crime. The murder-by-child-abuse statute is in reality nothing more than a specialized form of felony murder. *Cf.* subsection B [1] and Subsection C [2] of Section 701.7 or Title 21. In such cases, a defendant need not have the intent to kill, or even to injure. Rather, it is the danger inherent in the felony itself which allows it to

unlawful distributing or dispensing of controlled dangerous substances, or trafficking in illegal drugs.

2. Which reads:
C. A person commits murder in the first degree when the death of a child results from the willful

serve as a predicate for felony murder. *See Johnson v. State,* 731 P.2d 993, 1002 (Okl. Cr.), *cert. denied,* 484 U.S. 878, 108 S.Ct. 35, 98 L.Ed.2d 167 (1987); *Wade v. State,* 581 P.2d 914, 915–16 (Okl.Cr.1978). It makes no difference whether a defendant intended to kill his victim after kidnapping him, or even to injure him; it is sufficient that he knew the act was wrong. Likewise, it makes no difference whether a defendant intended to kill her child, or even to injure her; it is sufficient that she knew using unreasonable force against the child was wrong. That is a jury question, which here was resolved against Appellant.

The question at trial was whether this Appellant knew she was using unreasonable force against her child. If she was, *by Legislative definition,* she was doing an improper act; an act which, also by legislative definition, could serve as the underlying felony for a charge of first degree murder.

Because the opinion concedes the instructions adequately stated the applicable law; and because there was no error in defining a *mens rea* term the way the Legislature intended it to be defined, I must respectfully dissent.

or malicious injuring, torturing, maiming or using of unreasonable force by said person or who shall willfully cause, procure or permit any of said acts to be done upon the child pursuant to Section 843 of this title.