Charles Eugene BANNISTER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–95–973.

Court of Criminal Appeals of Oklahoma.

Dec. 26, 1996.

John D. Echols, Scott D. Keith, and Bryan L. Dupler, Tulsa, for Defendant–Appellant (at trial and on appeal).

Elizabeth A. Pauchnik Laura Austin Thomas Assistant District Attorneys, Stillwater, for the State (at trial).

W.A. Drew Edmondson, Attorney General of Oklahoma and Laronna W. Harris, Assistant Attorney General, Oklahoma City, for Appellee (on appeal).

### SUMMARY OPINION

CHAPEL, Vice Presiding Judge.

Charles Eugene Bannister was tried by a jury and convicted of First Degree Murder in violation of 21 O.S.1991, § 701.7(C), in Payne County District Court Case No. CRF–94–143. Bannister waived jury sentencing and the Honorable Donald L. Worthington imposed a sentence of life imprisonment. Bannister has perfected his appeal of this conviction.

Bannister raises the following propositions of error in support of his appeal:

I. The State presented insufficient evidence to support his conviction for first degree murder;

II. The trial court reversibly erred in admitting into evidence the taped 911 call;

III. The State's knowing use of perjured testimony and suppression of material impeachment evidence concerning the State's key witness denied Bannister due process. The trial court's exclusion of this relevant impeachment evidence also denied Bannister the right to confront his accusers and due process of law;

IV. The trial court reversibly erred in refusing to determine that April Bannister was an accomplice as a matter of law and submit Bannister's requested instructions on her status as an accomplice to the jury;

V. The trial court reversibly erred in refusing to give Bannister's requested instruction on his theory of defense;

VI. The trial court reversibly erred by issuing unnecessary and prejudicial instructions on the elements of child abuse murder; and,

VII. Accumulation of error requires reversal.

In a motion to supplement filed after his appellate brief, Bannister cites *Hockersmith v. State*[1] to support his additional claim that contradictory and confusing jury instructions setting forth the elements of first degree child abuse murder constitute plain[2] error warranting reversal. We agree and remand this case for a new trial.

■ Bannister's trial judge administered the following jury instructions explaining the elements of first degree child abuse murder:[3]

(1) The defendant may not be convicted of Murder in the First Degree in this case unless the state has proved beyond a reasonable doubt each element of the crime. These elements are: *first,* the death of a child; *second,* the death was unlawful; *third,* the death was caused by the defendant; *fourth,* the *death resulted from the willful or malicious injuring,* torturing, maiming or using of unreasonable force by defendant.[4]

(2) *Child:* A human being under age eighteen (18) years.

*Unlawful:* Without authority.

*Willful:* Purposeful. "Willful" *does not require any intent to* violate the law or to *injure another* or to acquire any advantage.

*Malicious:* The term imports *a wish to* vex, annoy, or *injure another person.*

*Torture:* Infliction of severe pain by unlawful acts.

---

1. 926 P.2d 793 (Okl.Cr.1996). This case was handed down on August 9, 1996, as an unpublished summary opinion. On October 7, 1996, this Court granted Hockersmith's motion to publish this case containing issues of first impression.

2. While Bannister did object at trial to these instructions, his objections were different from those he now raises. Accordingly, these errors were not properly preserved for appellate review.

3. The instructions administered at Hockersmith's trial differed slightly but contained the same confusing and contradictory terms.

4. O.R. 215 (emphasis added). This instruction is a hybrid of OUJI–CR 427, which sets forth the elements of malice aforethought murder, and 21 O.S.1991, § 701.7(C), which sets forth the elements of first degree child abuse murder.

*Unreasonable force:* More than that ordinarily used as a means of discipline.

*Maiming:* A physical injury that disables, disfigures or seriously diminishes physical vigor *performed with the intent to cause any injury.*[5]

The confusion arises over the manner in which the term "willful" is defined. While the first degree child abuse murder instruction accurately told the jury that this offense requires *"willful* or malicious *injuring,* torturing, maiming or using of unreasonable force,"[6] the uniform instruction defining "willful" also told the jury that *one need not intend to injure* another in order to have acted "willfully."[7] To further complicate matters, the jury was also instructed that the term "malicious"—used interchangeably with "willful" in defining child abuse murder— means *"a wish to ... injure* another person."

■ At best, these instructions confused the meaning of the critical *mens rea* element necessary for a conviction. At worst, they effectively instructed the jury that Bannister was guilty of first degree child abuse murder whether he did or did not intend to injure, torture, maim or use unreasonable force on the child victim. We do not believe this is what the legislature intended when it defined child abuse and first degree child abuse murder as the "willful or malicious injuring, torturing, maiming or using of unreasonable force ... upon [a] child...."[8] In 21 O.S. 1991, § 91, the legislature provides that "[w]herever the terms mentioned in the following sections are employed in this chapter, they are deemed to be employed in the senses hereafter affixed to them, *except*

*where a different sense plainly appears."*[9] While 21 O.S.1991, § 92 then provides that a person may act "willfully" and yet not intend to injure, "a different sense of [the term 'willfully'] plainly appears"[10] when it is used in the statutes on child abuse and first degree child abuse murder. As employed in those statutes, the term willful—used interchangeably with malicious—must require an intent to injure if the *mens rea* element for those crimes is to make any sense.

Although the jury instructions now at issue were taken either from statutes or the Uniform Criminal Instructions, together they allowed the jury to convict Bannister of first degree child abuse murder even if it found that he did not intend to injure the victim. Considering the context and terms employed in the child abuse murder statute, one cannot be guilty of this crime unless he or she intends to injure, torture, maim or use unreasonable force on a child. These instructions effectively and unconstitutionally relieved the State of its burden to prove all the elements of the crime charged beyond a reasonable doubt.

■ The definition of "willful," as provided both by statute[11] and in the uniform instructions,[12] is at odds with the plain meaning of that term as it is used in the statutes defining the crimes of child abuse and first degree child abuse murder. Accordingly, this definition of "willful" should not be included in jury instructions when the accused has been charged with either child abuse or first degree child abuse murder. Defendants facing charges of either child abuse or first degree child abuse murder are thus entitled to have their juries instructed that both "willful" and

---

5. O.R. 216 (emphasis added). The definitions of "malicious," "torture," "unreasonable force" and "willful" were verbatim OUJI–CR 424. The definition of "maiming" was supplied by OUJI–CR 475. The trial court added the definitions of "child" and "unlawful."

6. 21 O.S.1991, § 701.7(C).

7. OUJI–CR 424. This instruction is derived from 21 O.S.1991, § 92 ("The term 'willfully' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act or the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage.").

8. 21 O.S.1991, § 701.7(C). The statute defining child abuse uses the same terms. *See* 21 O.S. 1991, § 843, renumbered and amended, 10 O.S.Supp.1996, § 7115.

9. Emphasis added.

10. 21 O.S.1991, § 91.

11. 21 O.S.1991, § 92.

12. OUJI–CR 424.

"malicious"—collectively the *mens rea* component in each of these crimes—require a wish or an intent to injure, vex or annoy another person.[13]

■ We also note the existence of some additional errors in this case which should be avoided upon retrial. In his fifth proposition, Bannister claims that the trial court should have instructed the jury that April Bannister was an accomplice whose testimony required corroboration before it could be believed. We agree. The test for determining whether a person is an accomplice is whether he or she could have been charged with the crime for which the accused is on trial.[14] Bannister was charged with first degree murder for **causing** his son's fatal injuries.[15] April Bannister could have been charged with first degree murder under this same subsection for **permitting** her child's fatal injuries.[16] Thus, she was an accomplice to first degree murder and the jury should have been so instructed.

■ Finally, we agree with Bannister's proposition two claim that the trial court improperly instructed the jury that "other crimes" evidence was admissible to show some sort of "plan."[17] After reviewing the record, we find the facts do not support a conclusion that Bannister previously mistreated the child victim as part of an overall plan, or that the commission of previous acts of abuse tended to facilitate the one at issue in this case.[18]

## DECISION

The Judgment and Sentence of the trial court is **REVERSED** and this cause is **REMANDED** for a **NEW TRIAL**.

JOHNSON, P.J., and LANE and STRUBHAR, JJ., concur.

LUMPKIN, J., concurs in results.

LUMPKIN, Judge, concurring in results:

I concur in the results reached by the Court based on *stare decisis.* However, I continue to disagree with the Court's action as set out in my separate vote in *Hockersmith v. State,* 926 P.2d 793 (Okl.Cr.1996).

**13.** *See* 21 O.S.1991, § 95 ("The terms 'malice' and 'maliciously,' when so employed, import a wish to vex, annoy or injure another person, established either by proof or presumption of law.").

**14.** *Cullison v. State,* 765 P.2d 1229, 1231 (Okl.Cr. 1988).

**15.** 21 O.S.1991, § 701.7(C) ("A person commits murder in the first degree when the death of a child results from the willful or malicious injuring, torturing, maiming or using of unreasonable force by said person ... upon the child....").

**16.** *Id.* ("A person commits murder in the first degree when [she] ... willfully ... permit[s] any of said acts to be done upon the child....").

**17.** The trial court instructed the jury that the other crimes evidence was received "solely on the issue of the defendant's alleged plan and absence of mistake or accident." O.R. 209.

**18.** *See Knighton v. State,* 912 P.2d 878, 889 (Okl. Cr.1996).