STRUBHAR, Presiding Judge,
Dissenting:
¶ 1 In the recent ease of Fairchild v. State, 1999 OK CR 49, ¶¶ 28 & 51, 992 P.2d 350 (opinion on rehearing), this Court chose to disregard established precedent and hold that child abuse and child abuse murder are general intent crimes requiring nothing more than a purpose or willingness to commit the act of abuse. Additionally, the Fairchild court erroneously concluded that a general intent crime is death eligible without any culpability instructions or assessment. Fairchild, 1999 OK CR 49, at ¶ 100, 992 P.2d 350. Inasmuch as the majority relies ■ on these Fairchild holdings to dispose of the claims raised in the instant appeal, I must dissent. Consequently, I remain steadfast in my opinion that the specific intent to injure is an element of child abuse murder including child abuse murder committed by the willful use of unreasonable force. See Fairchild v. State, 1998 OK CR 47, 965 P.2d 391, 403 (Lane, J. dissenting joined by Strubhar, V.P.J.) (opinion withdrawn, 1999 OK CR 30, 992 P.2d 349, 1999 WL 604317 (1999)). See also Grady v. State, 1997 OK CR 67, 947 P.2d 1069; Bannister v. State, 1996 OK CR 60, 930 P.2d 1176; Hockersmith v. State, 1996 OK CR 51, 926 P.2d 793. I further believe a culpability assessment is required to maintain the constitutional validity of child abuse murder as a capital offense. As I stated on rehearing in Fairchild:
the better solution is to follow our established precedent holding child abuse murder is a specific intent crime and avoid the culpability problem altogether. Barring the return to our prior holdings that child abuse murder is a specific intent crime, child abuse murder under 21 O.S.1991, § 701.7(C) can pass constitutional muster ás a capital offense only if it is combined with our statutory aggravating circumstances (none of which concern the defendant’s culpability for the murder) and the culpability requirements of Enmund/Ti-son.[1] Combining these factors in assessing punishment reasonably justifies the imposition of the more severe sentence of death on the defendant vis a vis others found guilty of murder thereby satisfying Zant.[2]
Fairchild, 1999 OK CR 49, at ¶ 10, 992 P.2d 350 (Strubhar, P.J., dissenting).
¶ 2 As the majority relies on the erroneous holdings of Fairchild, I dissent.

1. Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982) and Tison v. Arizona, 481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987).

2. Zant v. Stephens, 462 U.S. 862, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983).