KUEHN, V.P.J., DISSENTING:
¶1 In Proposition II, the Majority is unwilling to face the consequences of the elements of child sexual abuse as prohibited by 21 O.S. § 843.5(E), its relation to other sex offenses, and the instructions which must be used. I would construe § 843.5(E) as written, find it unconstitutional, and reverse.
¶2 Appellant was charged with and convicted of child sexual abuse in violation of 21 O.S.Supp.2014, § 843.5(E). As I have repeatedly said, that crime is separate and distinct from any other sex offense, and has only three elements: any person who (1) willfully or maliciously engages (2) in sexual abuse (3) of a child under eighteen is guilty of child sexual abuse. 21 O.S.Supp.2014, § 843.5(E) ; OUJI-CR 2d 4-39. The statutory language creating this crime is clear and unambiguous, and this Court has recognized it as a separate crime, with separate elements, since 1999. Huskey v. State , 1999 OK CR 3, ¶ 9, 989 P.2d 1, 6.
¶3 Of course, the Legislature has both the right and the authority to make having sex with children a crime. It not only should, it has done so, in both § 843.5(E) and in other sex offense statutes. Section 843.5(E) provides: " 'child sexual abuse' means the willful or malicious sexual abuse, which includes but is not limited to rape, incest, and lewd or indecent acts or proposals, of a child under eighteen (18) years of age by another." 21 O.S.Supp.2014, § 843.5(E). That is, the language encompasses, but does not incorporate , various acts which may also be criminalized elsewhere in the Penal Code.
¶4 This statute originally was limited to persons responsible for the child victim's welfare. However, when the statutes were renumbered in 2009 the Legislature amended § 843.5(E) to remove that limiting language. With that amendment, the statute applied to every potential defendant, broadening its scope. "When construing a statute that has been amended, we may reasonably infer that the alteration was intended either to effect a change in the existing law, or to clarify an interpretation that may have been in question." Lewis v. City of Oklahoma City , 2016 OK CR 12, ¶ 7, 387 P.3d 899, 902. This amendment, along with the statute's plain language quoted above, suggests that the Legislature intended to expand the crime of child sexual abuse and create a comprehensive crime encompassing all defendants, all possible sexual acts, and all victims aged up to 18. I agree with the Majority that the language in § 843.5(E) is very broad. As written, it includes, without exception, basically any sexual act directed towards or committed upon a child under the age of eighteen - including the act committed by Appellant here.
¶5 I agree with the Majority that the statutory elements of § 843.5 directly conflict with the age restrictions found in the elements of 21 O.S.Supp.2017, § 1123. I further agree that it is impossible to construe the two statutes together without failing to give intelligent effect to at least part of one statute. However, the Majority's solution - to require a trial court to instruct on the elements of the underlying crime-renders the entirety of § 843.5(E) null and void. If this *1185 Court changes the elements of § 843.5(E) to add elements of other crimes, then we irrevocably alter the elements of § 843.5(E). Where statutes conflict, this Court's duty is to reconcile them, if possible, to give effect to each provision. Moss v. OK Dept. of Corr. , 2016 OK CR 23, ¶ 18, 403 P.3d 379, 383 ; Leftwich v. State , 2015 OK CR 5, ¶ 15, 350 P.3d 149, 155. This is exactly what the Majority fails to do: including elements of every underlying offense, either included in the Information or supported by the evidence, strips § 843.5(E) of all meaning.[1]
¶6 We have previously said that we will not, in order to justify a prosecution, enlarge a statute beyond either its fair meaning or a meaning justified by its terms. Leftwich , 2015 OK CR 5, ¶ 15, 350 P.3d at 155 ; see also McNeely v. State , 2018 OK CR 18, ¶ 3, 422 P.3d 1272, 1274 (Court will not create authority not explicitly granted in statutory language). By the same token, we should not enlarge a statute's language in order to avoid a prosecution. "As there are no common law crimes in this State, this Court is bound by the language the Legislature has placed in our statutes defining crimes." Arganbright v. State , 2014 OK CR 5, ¶ 15, 328 P.3d 1212, 1216. The Majority's decision, requiring instruction on and proof of different elements of other sex crimes in prosecutions under § 843.5(E), is not (as the specially concurring opinion suggests) interpreting the statutes liberally to affect their objects; nor is it choosing from two possible interpretations of existing language. The Majority is rewriting the statute to fit its own conception of the crime, plain and simple, and that is not statutory interpretation.
¶7 As I note above, Huskey recognized the statute now codified as § 843.5(E) (then, 10 O.S.Supp.1995, § 7115 ) as a separate crime. In doing so, Huskey confronted the very question the Majority raises: must a trial court instruct on elements of an underlying sex offense when a defendant is charged with child sexual abuse, and the evidence suggests that sexual abuse falls within the parameters of a separate criminal statute? In Huskey , the Court found such instruction inappropriate. We noted, "[I]f the State must allege and prove the elements of lewd and indecent conduct in order to convict a parent of child abuse under § 7115, why not simply require it to charge the crime under § 1123 ? The Legislature evidently intended § 7115, child abuse, to be a separate crime encompassing activity already prohibited by other statutes." Huskey , 1999 OK CR 3, ¶ 9, 989 P.2d at 6. Put another way, we recognized that to require instruction on any underlying sex offense made the crime of child sexual abuse "pointless". Id .[2]
¶8 The Majority's solution to this dilemma is to overrule Huskey . While this certainly resolves the problem of conflicting case law, it does nothing to resolve the underlying statutory conflict. In the recent past this Court has seen a significant increase in the number of cases presenting issues directly caused by this conflict. Trial courts do not know how to instruct in these cases, and our case-by-case resolutions do not offer guidance. Neither does the Majority's solution here. The plain language of the statute does not require prosecutors to specify an underlying offense in the charging language, and the majority does not suggest that they must. Either § 843.5(E) is a separate crime with its own distinct elements, or it is not. By requiring additional instruction on separate elements of different crimes, the Majority concludes it is not. Yet, the evidence in many child sexual abuse cases includes aspects of more than one underlying sex offense - for example, one single charge may be proved by evidence of acts including lewd molestation, sexual battery, and forcible oral sodomy. Must the trial court instruct on each element *1186 of each of those offenses, even though none were included in the Information charging child sexual abuse under § 834.5(E)? Must jurors find each element of each crime unanimously? What if the evidence shows, overall, that child sexual abuse was clearly committed even though evidence did not show every element of any underlying offense? The Majority's resolution creates more questions than it answers, and perpetuates a problem that can be cleanly and clearly resolved by, for a start, accepting the statute on its face and taking the Legislature at its word.
¶9 My colleagues explicitly justify this decision - to add elements to § 843.5(E) and overrule Huskey - because they are concerned that, as it stands and taken on its face, § 843.5(E) is so broad as to be unconstitutional. I share that concern. A statute must be so definite that a person of ordinary intelligence can understand what conduct is prohibited, and that it does not encourage arbitrary and discriminatory enforcement. Weeks v. State , 2015 OK CR 16, ¶ 18, 362 P.3d 650, 655. If persons must either guess at a statute's meaning, or differ as to its application, it is void for vagueness. Id . As Justice Gorsuch recently said, "In our constitutional order, a vague law is no law at all. ... When Congress passes a vague law, the role of courts under our Constitution is not to fashion a new, clearer law to take its place, but to treat the law as a nullity and invite Congress to try again." United States v. Davis , 588 U.S. ----, 139 S.Ct. 2319, 2323, 204 L.Ed.2d 757 (2019).
¶10 As can be seen in this case, § 843.5(E) is so broad that it prohibits as criminal some actions that are not crimes under statutes specifically prohibiting similar behavior. In fact, as both the State and the Majority admit, this prosecution was brought specifically because, given the ages of the parties involved, the offenses of sexual battery and lewd molestation were not crimes as to Appellant. The record shows the prosecutor believed Appellant's acts were sexual in intent and nature. Rather than prosecute Appellant for simple battery, the prosecutor correctly turned to the only available sex offense, child sexual abuse.[3]
¶11 The statute conflicts with other statutes as well; most of the sex offense statutes, including lewd molestation, varieties of rape, incest, and forcible oral sodomy, have specific age elements restricting application to victims under the age of sixteen, or fourteen; some include victims under eighteen but require the defendant to be in a particular position of authority or responsibility towards the victim. Some, such as incest, carry significantly less potential prison time. The statute makes no exception for marriages, although minors of sixteen years may marry with parental consent. The very breadth and scope of the statute encourages arbitrary enforcement. District attorneys can choose to prosecute as child sexual abuse actions that simply are not otherwise crimes, or not, depending on the circumstances; district attorneys can also choose to prosecute as child sexual abuse actions that are elsewhere criminalized but at a lesser range of punishment. Depending on the county, or even the whim of individual prosecutors, a person may be punished for the same act with as little as ten years or as much as life in prison. This creates significant uncertainty. Again, quoting Justice Gorsuch, "Vague statutes threaten to hand responsibility for defining crimes to relatively unaccountable police, prosecutors, and judges, eroding the people's ability to oversee the creation of the laws they are expected to abide." Davis , 139 S.Ct. at 2325.
¶12 I understand my colleagues' preference to adopt "any fairly possible" reading of § 843.5(E) to avoid having to declare it unconstitutional. Id. at 2332 & n.6 (quotation omitted). However, this Court neither can nor should step outside our role as judges in order to add elements or change elements to § 843.5(E) that were not included or written by the Legislature. Id . at 2324. It is this Court's duty to determine whether § 843.5(E)
*1187 is too vague under the Constitution - indeed, where the question is before us, we must do so. The United States Supreme Court has made this clear. For example, Justice Marshall observed,
First, 'a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed. To make the warning fair, so fair as possible the line should be clear.' McBoyle v. United States , 283 U.S. 25, 27, 51 S.Ct. 340, 341, 75 L.Ed. 816 (1931) (Holmes, J.). See also United States v. Cardiff , 344 U.S. 174, 73 S.Ct. 189, 97 L.Ed. 200 (1952). Second, because of the seriousness of criminal penalties, and because criminal punishment usually represents the moral condemnation of the community, legislatures and not courts should define criminal activity. This policy embodies 'the instinctive distastes against men languishing in prison unless the lawmaker has clearly said they should.' H. Friendly, Mr. Justice Frankfurter and the Reading of Statutes, in Benchmarks 196, 209 (1967). Thus, where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant.
U.S. v. Bass , 404 U.S. 336, 348, 92 S.Ct. 515, 522-23, 30 L.Ed.2d 488 (1971) (footnote omitted). In a different case Justice Scalia, apparently goaded beyond endurance by the majority's reluctance to declare a problematic statute unconstitutional, said:
We face a Congress that puts forth an ever-increasing volume of laws in general, and of criminal laws in particular. It should be no surprise that as the volume increases, so do the number of imprecise laws. And no surprise that our indulgence of imprecisions that violate the Constitution encourages imprecisions that violate the Constitution. Fuzzy, leave-the-details-to-be-sorted-out-by-the-courts legislation is attractive to the Congressman who wants credit for addressing a national problem but does not have the time (or perhaps the votes) to grapple with the nitty-gritty. In the field of criminal law, at least, it is time to call a halt. I do not think it would be a radical step-indeed, I think it would be highly responsible-to limit ACCA to the named violent crimes. Congress can quickly add what it wishes. Because the majority prefers to let vagueness reign, I respectfully dissent.
Sykes v. U.S. , 564 U.S. 1, 35, 131 S.Ct. 2267, 2288, 180 L.Ed.2d 60 (2011) (Scalia, J., Dissenting), overruled by Johnson v. United States , --- U.S. ----, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). Just a few years after Sykes , the Court recognized the truth of Scalia's position and declared the statute at issue unconstitutional.
¶13 We always defer to the Legislature and begin by presuming that any given statute is constitutional. Weeks , 2015 OK CR 16, ¶ 17, 362 P.3d at 654. The Majority appears to start and stop with this presumption, preferring to add language to the statute creating new elements rather than face the constitutional question. However, where a statute fails to tell a citizen that his conduct may be forbidden, or where it encourages arbitrary and erratic enforcement, it is this Court's duty to find it is void for vagueness. Davis , 139 S.Ct. at 2323-24 ; Papachristou v. City of Jacksonville , 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972). I would do so here. Because Appellant was convicted under an unconstitutional statute, I would reverse the conviction.

The Majority's solution is even less persuasive in Appellant's case, because Appellant was charged with child sexual abuse, not any underlying crime . The instruction at issue arises from the evidence used to prove the charge, not from anything inherent in the charge itself. Thus, the Majority would require the trial court to instruct on elements of a crime that was not charged in the Information.

Specially concurring, my colleague commends the OUJI Committee for attempting to limit § 843.5(E) by stating, in the Notes on Use accompanying OUJI-CR 2d 4-39, that trial courts "should" instruct separately on the elements of the underlying sexual offense. I note we do not look to either jury instructions or committee notes as legal precedent.

However, the Majority decides the best result in this case is to modify Appellant's conviction to simple assault and battery. I cannot agree with this resolution. The prosecutor knew he could have charged Appellant with assault and battery, but deliberately and correctly chose to charge child sexual abuse because he thought a sex offense was committed. I conclude that the Majority reaches this result because, given its analysis of § 843.5(E), it cannot affirm Appellant's adjudication under that statute, no other sex offense is available, and apparently the Majority is unwilling to reverse.