**Chester A. ROWDEN, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13479.**

Court of Criminal Appeals of Oklahoma.

Dec. 16, 1964.

Fitzgerald & Houston, Stillwater, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Chester A. Rowden hereinafter referred to as the defendant was charged, tried and convicted for the offense of Abandonment of Minor Children Under the Age of Fifteen in violation of Title 21 O.S. § 853. From the judgment and sentence fixing his punishment at ten years imprisonment in the State Penitentiary in accordance with the verdict of the jury, he appeals.

Since it is first contended that the evidence was insufficient to support the verdict of the jury it will be necessary to briefly set forth the facts as adduced on the trial.

The defendant and Wanda Jean Rowden were married on October 16, 1957 and of such union four children were born, Robert Allen Rowden, Loretta Jean Rowden, Janet Lanall Rowden and Terry Wayne Rowden.

It further appears that the defendant and Wanda Jean Rowden lived together during the months of December, 1962 and January, 1963 and were thereafter separated during the remainder of 1963 except for three days in August.

The evidence further establishes that from and after June 15, 1963, until the time of the trial, the defendant was employed by Co-op Grain Elevator, Perry, Oklahoma, Donald Brown and C. Ray Smith.

Wanda Jean Rowden testified that between the period of June 15, 1963 and until the time of trial the defendant had not contributed to the support of his minor children except for one occasion when he brought groceries to her home on Hester Street in the city of Stillwater, Oklahoma, and that the value of said groceries was probably $3.00 and in no event would exceed $6.00. She further testified that during this period of time she purchased from the defendant an old model car for which she gave the sum of $40.00 from her welfare check.

The defendant testifying in his own behalf testified he was employed at various jobs from June 15 until October 9, 1963 and estimated his earnings during that period of time at approximately $250.00. He further testified that on a number of occasions he had taken groceries to his children and that he had given various sums of money to his wife. He specifically denied selling an old model car to his wife or receiving the sum of $40.00 for the same, but stated that he had given the automobile to his wife because she needed transportation. The defendant further stated that he had been advised by Mrs. Rowden not to bring groceries to the home for the reason that the Welfare Department would stop their assistance check of $137.00. The defendant testified that as a result of an automobile accident in February, 1963 he had only been able to do light manual labor and that he had worked at sundry places from February until the time of trial for sums of from $1.00 to $1.50 per hour.

In the course of the trial evidence was introduced that during the months of January and until the time of trial, the defendant co-habitated at some sundry places with one Dorothy Renfroe who in August, 1963 bore his illegitimate child. The bulk of the testimony relating to this relationship was admitted by the trial court without objections being interposed thereto.

On his direct examination and on cross examination the defendant admitted the following convictions: Petty Larceny, June, 1951; Robbery, January, 1954; Bogus Check, November, 1960; Bogus Check, September, 1961; Removing Mortgaged Property, January, 1962; Bogus Check, July, 1959; Escape from County Jail, October, 1959; Bogus Check, October, 1962.

In support of his contention that the evidence as above set forth is insufficient to support a conviction under the provisions of Title 21 O.S. § 853 the defendant relies upon the following authorities: Cosby v. State, 85 Okl.Cr. 159, 186 P.2d 844 (1947); Williams v. State, 62 Okl.Cr. 298, 71 P.2d

496 (1937); Ballard v. State, 92 Okl.Cr. 420, 223 P.2d 782 (1950).

The State, while conceding that the evidence does not establish a total abandonment, relies upon Dyer v. State, 58 Okl.Cr. 317, 52 P.2d 1080, wherein this court speaking through the Honorable Thomas J. Doyle in Syllabus #2 stated:

> "Under Penal Code, § 1830 (St.1931), providing that every person who shall without good cause abandon his or her minor child under the age of 15 years and willfully neglect or refuse to maintain or provide for such child, shall be deemed guilty of a felony, to constitute the offense there must be a failure and neglect or refusal to maintain and provide for such child, and this neglect or refusal must be willful or negligent, and not a mere failure on account of inability; but a willful failure or neglect to adequately provide for such child is sufficient; a complete failure not being required."

We have carefully examined the authorities cited by appellant and the State and are of the opinion that Dyer v. State, supra, is controlling in the instant case for it clearly appears that during the period of time alleged in the information the defendant was gainfully employed and living apart from his wife and children while they were being supported by the Public Welfare and the charity of others. Testimony adduced on behalf of the State which, if believed by the jury, establishes that the only contribution made to his children by the defendant was a sack of groceries while he in return received $40.00 from their welfare check for an old car.

As a part of his defense the defendant asserted that he was advised by Mrs. Rowden not to contribute to the support of his children for fear that they would lose their welfare check, which, indeed, they lost not as a result of his generous contribution but as a result of his nocturnal visits for the three day period previously referred to.

■ Under the authority of Dyer v. State, supra, we hold that the evidence pre-

sented for the consideration of the jury was ample to support their verdict.

There are other assignments of error which, while having some merit, are not so fundamental in character as to require reversal. However, from a complete examination of the record we are convinced that they resulted in the jury imposing a greater punishment than the facts and circumstances of the instant case warrant.

■ We therefore hold under the authority of Title 22 O.S. § 1066 that the ends of justice will be better served by modifying the term of imprisonment from ten years in the State Penitentiary to a term of seven years imprisonment in the State Penitentiary, and as so modified the judgment and sentence is affirmed.

JOHNSON, P. J., and NIX, J., concur.