William A. SMITH, a/k/a Dub Smith, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–78–486.

Court of Criminal Appeals of Oklahoma.

April 17, 1979.

Phillip R. Scott, Waurika, for appellant.

Larry Derryberry, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

The appellant, William A. Smith, also known as Dub Smith, hereinafter referred to as defendant, was convicted by a jury in the District Court, Jefferson County, Case No. CRF–75–75, of the offense of Child Beating, After Former Conviction of a Felony, in violation of 21 O.S.Supp.1978, § 843. Punishment was assessed at ten (10) years' imprisonment. From the aforesaid judgment and sentence, an appeal has been perfected to this Court.

The defendant's daughter, Lillie Mae Smith, the victim of the beating, testified that on the morning of Saturday, November 1, 1975, she and her brother and sister went with the defendant to pick pecans. The defendant was drinking beer and threatening the children because they were not picking pecans fast enough. At about 10:00 a. m. they left the pecan grove and met their mother at a laundromat. The defendant then went to a nearby bar while the laundry was being done. The witness later observed the defendant in back of the bar drinking whiskey and beer at around noon that day. At approximately 2:00 p. m., the defendant arrived home and told the

witness to prepare his dinner, which she did. The witness then stated that while she was washing the dishes the defendant said something to her and became angry because she was not looking at him while he was speaking. The witness then turned around, and the defendant began hitting her in the face with his clenched fists. The witness further stated that the defendant struck her in the face five to ten times, causing her nose and lips to bleed and her eye to blacken.

In addition to the testimony of the victim, the State presented several corroborating witnesses. Mary Lou Smith, the defendant's wife, witnessed the beating in the kitchen. Darrell Smith and Patricia Smith, the victim's brother and sister, heard the commotion in the kitchen and saw the victim go to the bathroom with a bloody nose. Various other witnesses testified that they saw the victim with cuts and bruises on her face in the days following the attack.

The defendant then presented three witnesses in his behalf. Mick Hagood, a Deputy Sheriff, interviewed the victim two days after the attack. He noticed bruises on her face, but said they were difficult to see under her makeup. A. J. Hawkins saw the victim at the defendant's home on November 2 and did not notice any bruises on her face. Lorene Pemberton testified that she had observed the victim on several occasions and did not notice any bruises. However, upon further direct examination the witness was unable to recall whether she had seen the victim before or after the incident. An objection to this testimony was sustained on the ground that the witness was unable to pinpoint the time she observed the victim. The court admonished the jury to disregard the witness' testimony.

The defendant then testified in his own behalf. He stated that on October 31, 1975, he slapped the victim once in the face with the back of his hand and that he did not intend to hit her very hard. He denied all of the events of November 1, 1975, including the alleged beating. Finally, the defendant admitted a prior felony conviction for child abandonment.

Following the defendant's testimony, the case was submitted to the jury, and a verdict of guilty was returned. Thereafter, the punishment stage of the proceeding was commenced. The State offered evidence of defendant's prior felony conviction for child abandonment. The case was then submitted to the jury, and a sentence of ten years was assessed.

■ In his first assignment of error, the defendant contends that there was insufficient competent evidence to support a conviction of child beating for the reason that the prosecution witnesses were biased against him. From the above summary of the record, it is clear that the evidence was sufficient to support the conviction. And as stated in *Caudill v. State,* Okl.Cr., 532 P.2d 63 (1975), "The credibility of witnesses and the weight and consideration to be given to their testimony are within the exclusive province of the trier of facts and the trier of facts may believe the evidence of a single witness on a question and disbelieve several others testifying to the contrary. . . ." (Citations omitted)

■ The defendant also claims that the evidence was insufficient to prove that he wilfully and maliciously beat the victim. Again, we find no merit to this claim. After the State has presented a prima facie case, then the sufficiency of the evidence becomes a jury question; and the State clearly established a prima facie case. The evidence overwhelmingly showed that the defendant struck the victim several times in the face with his clenched fists, causing severe bruises and lacerations.

■ The defendant contends in his second assignment of error that the sentence is excessive. But since the sentence which the defendant received is the minimum allowable under 21 O.S.1971, § 51, it cannot be said to be excessive. See *Hughes v. State,* Okl.Cr., 557 P.2d 464 (1976).

■ In his next assignment of error, the defendant complains of alleged improper questioning by the prosecutor. We note the

defendant failed to object to the questions complained of, and therefore any alleged error arising therefrom was waived. See *McGlumphy v. State*, Okl.Cr., 538 P.2d 1097 (1975).

In his final assignment of error, the defendant contends that the trial court erred in refusing to order a presentence investigation report as required by 22 O.S.Supp. 1978, § 982. That statute provides in pertinent part as follows:

"Whenever a person is convicted of a felony except when the death sentence is imposed, the court shall, before imposing sentence to commit any felon to incarceration by the Department of Corrections, order a presentence investigation to be made by the Division of Probation and Parole of the Department. . . ."

In refusing to order a presentence investigation, the trial court determined that the foregoing statute was an unconstitutional encroachment on the judiciary by the legislative branch, insofar as it makes a presentence investigation report mandatory. The trial court construed the word "shall" as used in the statute to mean "may," and held that a presentence investigation report was discretionary. We disagree.

 It is the opinion of this Court that 22 O.S.Supp.1978, § 982, is not an unconstitutional encroachment by the Legislature on the power of the judicial branch. Furthermore, we hold that the provisions of 22 O.S.Supp.1978, § 982, are mandatory, with four exceptions. First, Section 982 is by its terms inapplicable to a death sentence. The second exception applies when the trial court is without authority to defer or suspend the sentence under 22 O.S.Supp. 1978, § 991a, and § 991c. See *Hall v. State*, Okl.Cr., 548 P.2d 649 (1976). The third exception arises when the Legislature expressly prohibits a court from suspending or deferring a sentence upon conviction of a specific offense. See, for instance, 63 O.S. Supp.1978, § 2–401. The final exception to the requirement that the trial court order a presentence investigation report occurs when the defendant affirmatively waives this right. See *Sarsycki v. State*, Okl.Cr., 540 P.2d 588 (1975).

We note that the instant case does not fall within any of the aforementioned exceptions; therefore, the trial court committed error in refusing to order a presentence investigation report.

Based on the foregoing reasons, the judgment is *AFFIRMED* and the case is *REMANDED* to the District Court for resentencing in accordance with this opinion.

CORNISH, P. J., and BUSSEY, J., concur.