BURNS v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:BURNS v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 BURNS v. STATE
2019 OK CR 27
Case Number: F-2018-740
Decided: 11/07/2019
TYRELL DEONTA BURNS, Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2019 OK CR 27, __ __

 

 

SUMMARY OPINION

KUEHN, VICE PRESIDING JUDGE:

¶1 Tyrell Deonta Burns was tried by jury and convicted of Count I, Violation of Mary Rippy Violent Crime Offenders Registration Act; and Count IV, Possession of Drug Paraphernalia, in the District Court of Nowata County, Case No. CF-2015-151.[1] In accordance with the jury's recommendation the Honorable Curtis L. DeLapp sentenced Appellant to ten (10) years imprisonment (Count I); and one (1) year imprisonment and a fine of $1000.00 (Count IV), to run concurrently. Appellant appeals from these convictions and sentences.[2]

 

¶2 Appellant raises four propositions of error in support of his appeal:

 

I. There was no evidence that Appellant was notified of his duty to register with local law enforcement pursuant to the Mary Rippy Violent Crime Offenders Registration Act.

II. The court did not adequately instruct the jury on the elements of violating the Mary Rippy Violent Crime Offenders Registration Act.

III. State Exhibits 29-32, purported copies of Appellant's prior judgment and sentences, should not have been admitted at trial, as they were neither identified by a witness nor self-authenticating.

IV. Appellant's maximum 10-year prison term for violating the Mary Rippy Violent Crime Offenders Registration Act is excessive where Appellant was at least partially compliant.

¶3 After thorough consideration of the entire record before us, including the original record, transcripts, exhibits and briefs, we find that the convictions must be reversed with instructions to dismiss.

¶4 In Proposition I Appellant argues the State failed to show he had notice that he was required to register with local law enforcement under the Mary Rippy Violent Crime Offenders Registration Act, 57 O.S.2011, § 594. Notice is a basic requirement of due process. Horn v. State, 2009 OK CR 7, ¶ 21, 204 P.3d 777, 783.

¶5 Prior to determining if notice was proven to the jury, we must determine if the Act requires notice to the offender. The Act provides that persons subject to its provisions shall register:

(1) with the Department of Corrections (DOC) within three business days after release; and

(2) with local law enforcement in the jurisdiction where the person resides or intends to reside, within three days after entering that jurisdiction; and

(3) a person must also register with both the DOC and local law enforcement within three days before moving or leaving a previously registered address. 57 O.S.2011, § 594(A).

¶6 This Court has yet to interpret the provisions of Section 594. However, we have interpreted the notice provision in the methamphetamine registration statute, 63 O.S. § 2-701(B), and it is analogous to the Act. Wolf v. State, 2012 OK CR 16, ¶ 17, 292 P.3d 512, 517-18. In Wolf, we held due process requires that persons subject to the methamphetamine registry must be notified of that status, as that "specific conduct is considered a criminal offense." Wolf, ¶ 5, 292 P.3d at 514. We now adopt this finding for the Mary Rippy Violent Crime Offenders registry, holding that before offenders may be charged with a crime for violating the Act, they must have notice that they are subject to the registry. Undeniably, the Act meets this notice requirement, as it provides that persons subject to its registry must be notified.[3] Under the Act, an offender must be notified that they must register with DOC and local law enforcement.

¶7 This means that, in every case in which an offender, after conviction, is subject to registration under the Act, he must be personally notified of the requirements that he register both with the Department of Corrections and local law enforcement. While Section 594 sets forth the notice requirement, it does not specify the means of notification. Section 594(D) provides that, when registering an offender, DOC or local law enforcement must give the offender certain information. 57 O.S.2011, § 594(D). However, this provision does not discuss who provides the initial notice that registration is required. Section 597 of the Act partially resolves this. 57 O.S.2011, § 597. It puts the responsibility for initial notice on either (a) the person in charge of a correctional institution where the offender is confined, to give notice of the Act's registration requirements prior to discharge or release; or (b) any judge who defers or suspends the sentence of an offender subject to the Act, prior to discharge or release from court. 57 O.S.2011, § 597(A). Either of these persons, as appropriate, must (1) explain the offender's duty to register under the Act, (2) require the offender to sign a written statement acknowledging the explanation and his understanding of it, (3) obtain the address of the offender's residence upon discharge or release, and (4) forward that information to the Department of Corrections. 57 O.S.2011, § 597(A)(1-4). These provisions clearly cover the requirement to register with the DOC, in every case. However, the language does not explicitly provide in every case for a specific person to give notice of the requirement to register with local law enforcement.

¶8 This Court must interpret these statutes to give intelligent effect to the provisions of the Act, and to comply with the specific notice requirements of Section 597. Leftwich v. State, 2015 OK CR 5, ¶ 15, 350 P.3d 149, 155. We conclude that the most efficient and secure way to do so is to require judges, in every case in which an offender is subject to registration with DOC and local law enforcement under the Act, to notify the offender of that requirement at the time of sentencing, or, where a defendant pleads guilty or nolo contendere, at the time the plea is taken. In doing so, judges shall comply with the provisions of Section 597(A) by following exactly the process set forth in that statute. We leave it to individual judicial districts to determine how to ensure the record contains the written acknowledgment of notice required by Section 597(A)(2).

¶9 To aid trial courts in cases where the Uniform Plea of Guilty form, Form 13.10, is used, we modify Section 14 of that form to include a checkbox provision stating that the requisite notice has been provided. When a defendant is personally notified of the registration requirements, that form is properly filled out and signed, and the record reflects the form was completed with the defendant's participation and understanding, that will fulfill the requirements of Section 597(A). In addition, we modify that section of the Uniform Judgment and Sentence, Form 13.8, titled "Court Clerk's Duty", to reflect the requirement in Section 597(A)(4) that court clerks inform the Department of Corrections in accordance with the provisions of Section 597(A). Copies of the modified forms are attached to this Opinion.

¶10 Now, did the State offer any evidence that the Appellant had notice that he must register with local law enforcement? During deliberations, jurors asked whether any paperwork explicitly instructed Appellant to register in Nowata County. The answer to this question is no, as no such paperwork was admitted into evidence; nor was there any testimony explicitly or implicitly stating that Appellant had been told he needed to register with local law enforcement. State's witness Hadley, from the Department of Corrections, testified that offenders initially register with DOC from the penitentiary before their release. Evidence showed that Appellant did register with the DOC before his release, giving his mother's address in Nowata County. The State argued, and suggests on appeal, that jurors could infer from that fact that notice was also given to Appellant to register with local law enforcement. However, jurors could just as easily infer that offenders were only instructed in prison to register with the DOC, and therefore that inference is weak and unreasonable. Even the State's witness, the Nowata Police Department clerk, testified that she thought offenders could register either with the DOC or with local law enforcement.

¶11 This Court will accept reasonable inferences tending to support a jury verdict. Day v. State, 2013 OK CR 8, ¶ 13, 303 P.3d 291, 298. Here, there is no reasonable inference to be made from the evidence, and there is no evidence directly supporting the notice element. While this Court will not mandate any specific type of proof in prosecutions for this crime, the State must produce some evidence in support of this element. Even taking the evidence in the light most favorable to the State, we cannot find that any rational trier of fact could find beyond a reasonable doubt that Appellant had notice he had to register with local law enforcement. This proposition is granted.

¶12 Given our resolution of Proposition I, Propositions III and IV are moot. In Proposition II, Appellant claims the jury was incorrectly instructed on the elements of the crime. Given Proposition I warrants reversal, we need not address the legal arguments in Propositions II, as they are moot. However, we note there is not a Uniform Jury Instruction for Section 594, and the trial court's modification of OUJI-CR 2d 3-40[4] was lacking. To give guidance to trial courts in future cases, a suggested uniform jury instruction for this offense is as follows:

Failure to Register As a Violent Offender

No person may be convicted of failing to register as a violent offender under the Mary Rippy Violent Crime Offenders Registration Act unless the State has proven beyond a reasonable doubt each element of the crime. These elements are:

First, the person has (been convicted of)/(received a suspended sentence for) [specify the particular felony listed in 57 O.S.2011, § 593(B)];

Second, the person received notice that he/she was required to register as a violent offender with the Department of Corrections and (specify particular local law enforcement agency for the area the offender resides or intends to reside);

Third, the person failed to register with the (Department of Corrections)/([specify the particular local law enforcement agency for the area where the offender resides or intends to reside])*;

Fourth, [specify the particular event in 57 O.S.2011, § 594(A) or (B) that triggered the registration requirement].

*note: The trial court should use both or either location according to the allegations of the State.

DECISION

¶13 The Judgments and Sentences of the District Court of Nowata County are REVERSED with instructions to DISMISS. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2019), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF NOWATA COUNTY
THE HONORABLE CURTIS L. DELAPP, DISTRICT JUDGE

 
 
 
 ATTORNEYS AT TRIAL

 ZACHARY T. YOUNG
 423 S. BOULDER, STE. 300
 TULSA, OK 74103-3814
 COUNSEL FOR DEFENDANT

 RYAN G. CANNONIE
 ASST. DISTRICT ATTORNEY
 NOWATA CO. COURTHOUSE
 NOWATA, OK 74048
 COUNSEL FOR THE STATE
 
 
 ATTORNEYS ON APPEAL

 CHAD JOHNSON
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT

 MIKE HUNTER
 ATTORNEY GENERAL OF OKLA.
 JAY SCHNIEDERJAN
 ASST. ATTORNEY GENERAL
 313 NE 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY KUEHN, V.P.J.

LEWIS, P.J.: CONCUR
LUMPKIN, J.: CONCUR
HUDSON, J.: CONCUR
ROWLAND, J.: CONCUR

FOOTNOTES

[1] Appellant was acquitted of the charges in Counts II and III.

[2] Defense counsel did not timely perfect the appeal, and this Court granted an appeal out of time. Burns v. State, No. PC-2018-0683 (Okl.Cr. July 13, 2018) (not for publication).

[3] In this respect the Act differs significantly from the methamphetamine registry we found unconstitutional in Wolf. There, the statute required a court clerk to automatically enter a person on the methamphetamine registry upon conviction of a relevant crime, and to notify the Oklahoma Bureau of Narcotics and Dangerous Drugs of the registration, but provided no means for notice to be given to offenders themselves. Wolf, ¶ 6, 292 P.3d at 515. By contrast, the Legislature provided in Section 594 that the offender be informed of the duty to register with the Department of Corrections or local law enforcement as appropriate. 57 O.S.2011, § 594(D).

[4] This is the jury instruction for Failure to Register as a Sex Offender.

 

Form 13.8 Uniform Judgment and Sentence

 

 

Form 13.10 Uniform Plea of Guilty - Summary of Facts

 

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2009 OK CR 7, 204 P.3d 777, HORN v. STATE
Discussed
 2012 OK CR 16, 292 P.3d 512, WOLF v. STATE
Discussed
 2013 OK CR 8, 303 P.3d 291, DAY v. STATE
Discussed
 2015 OK CR 5, 350 P.3d 149, LEFTWICH V. STATE
Discussed
Title 57. Prisons and Reformatories
 Cite
Name
Level

 57 O.S. 593, Applicability of Act
Cited
 57 O.S. 594, Registration Under the Mary Rippy Violent Crime Offenders Registration Act
Discussed at Length
 57 O.S. 597, Notice to Person Subject to Act Upon Release - Promulgation of Rules - Coordination With Other States
Discussed at Length
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 2-701, Registry - Unlawful Acts - Maintenance - Duration - Assisting Someone Registered - Penalty
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA