IN RE: ADOPTION OF THE 2022 REVISIONS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS-CRIMINAL (SECOND EDITION)
2022 OK CR 20
Case Number: CCAD-2022-1
Decided: 08/29/2022
IN THE COURT OF CRIMINAL APPEALS
Cite as: 2022 OK CR 20, __ __

 

 

ORDER ADOPTING AMENDMENTS TO OKLAHOMA
UNIFORM JURY INSTRUCTIONS-CRIMINAL (SECOND EDITION)

¶1 On August 3, 2022, the Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Jury Instructions submitted its report and recommendations to the Court for adoption of amendments to Oklahoma Uniform Jury Instructions-Criminal (Second Edition). The Court has reviewed the report and recommendations by the committee for the adoption of the proposed 2022 revisions to the Uniform Jury Instructions. Pursuant to , the Court accepts that report and finds the revisions should be adopted.

¶2 IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the report of the Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Jury Instructions shall be accepted, and its revisions adopted. The revisions shall be available for access via the internet from this Court's website at www.okcca.net on the date of this order and provided to West Publishing Company for publication. The Administrative Office of the Courts is requested to duplicate and provide copies of the revisions to the judges of the District Courts and the District Courts of the State of Oklahoma are directed to implement the utilization of these revisions effective on the date of this order.

¶3 IT IS FURTHER ORDERED ADJUDGED AND DECREED that the amendments to existing OUJI-CR (2d) instructions, and the adoption of new instructions, as set out in the following designated instructions and attached to this order, are adopted, to wit:

1-8A; 3-41; 4-35; 4-35A; 4-35B; 4-36; 4-37; 4-37A; 4-38; 4-39; 4-40; 4-40D.

¶4 The Court also accepts and authorizes the updated committee comments to be published, together with the above styled revisions and each amended page in the revisions to be noted at the bottom as follows "(2022 Supp.)".

¶5 IT IS THE FURTHER ORDER OF THIS COURT that the members of the Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Criminal Jury Instructions be commended for their ongoing efforts to provide up-to-date Uniform Jury Instructions to the bench and the bar of the State of Oklahoma.

¶6 IT IS SO ORDERED.

¶7 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 29th day of August, 2022.

/S/SCOTT ROWLAND, Presiding Judge

/S/ROBERT L. HUDSON, Vice Presiding Judge

/S/GARY L. LUMPKIN, Judge

/S/DAVID B. LEWIS, Judge

/S/WILLIAM J. MUSSEMAN, Judge

ATTEST:

/S/JOHN HADDEN
Clerk

                                                                              

OUJI-CR 1-8A
OPENING INSTRUCTION - DUTY OF JURORS

It is your responsibility as jurors to determine the credibility of each witness and the weight to be given the testimony of the witness. In order to make this determination, you may properly consider the overall reaction of the witness while testifying; his/her the frankness or lack of frankness of the witness; his/her the interest and bias, if any, of the witness; the means and opportunity the witness had to know the facts about which he/she the witness testifies; and the reasonableness or unreasonableness of his/her the testimony in light of all the evidence in the case. You are not required to believe the testimony of any witness simply because he/she the witness is under oath. You may believe or disbelieve all or part of the testimony of any witness. It is your duty to determine what testimony is worthy of belief and what testimony is not worthy of belief.

It is my responsibility as the judge to insure the evidence is presented according to the law, to instruct you as to the law, and to rule on objections raised by the attorneys. No statement or ruling by me is intended to indicate any opinion concerning the facts or evidence.

It is the responsibility of the attorneys to present evidence, to examine and cross-examine witnesses, and to argue the evidence. No statement or argument of the attorneys is evidence.

From time to time during the trial, the attorneys may raise objections. When an objection is made, you should not speculate on the reason why it is made. When an objection is approved or sustained by me, you should not speculate on what might have occurred or what might have been said had the objection not been sustained.

Throughout the trial you should remain alert and attentive. Do not form or express an opinion on the case until it is submitted to you for your decision. Do not discuss this case among yourselves until that time. Do not tell anybody about the case, discuss this case with anyone else, or permit anyone else to discuss this case in your presence. This includes either in person or by electronic, telephonic or any other means. Do not talk to the attorneys, the defendant(s), or the witness(es). If anyone should attempt to discuss this case with you, report the incident to me or to the bailiff immediately. This case must be decided solely upon the evidence presented to you in this courtroom, free from any outside influence. This means that during the trial you must not conduct any independent research about the case, the matters in the case, the individuals, witnesses, attorneys, or organizations in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about the case or to help you decide the case. Do not read newspaper reports or obtain information from any other source about this trial or the issues, parties, or witnesses involved in this case, and do not watch or listen to television or radio reports about it.

While court is in session, please power off or place in airplane mode, all electronic devices. These devices include, but are not limited to, cell phones, Apple Watches, Garmins, or other personal electronics worn on your person. This will allow you to concentrate on the evidence without interruption. If you are required to use your device for medical reasons, please inform the court clerk. You may keep your cell phone or other devices with you until deliberation begins.

At this point in the trial, the attorney for the State reads the information/indictment, the plea of the defendant(s), and gives an opening statement. The attorney for the defendant(s) may give an opening statement after the attorney for the State, or may elect to reserve his/her opening statement until the conclusion of the evidence by the State. Opening statements are not evidence but serve as guides so that you may better understand and evaluate the evidence when it is presented.

Following the opening statements, witnesses are called to testify. Witnesses are sworn and then examined and cross-examined by the attorneys. Exhibits may also be introduced into evidence.

After the evidence is completed, I will instruct you on the law applicable to the case. The attorneys are then permitted closing arguments. Closing arguments are not evidence and are permitted for purposes of persuasion only.

When closing arguments are completed, the case will be submitted to you. You will then retire to consider your verdict.

The attorney for the State may now proceed.

 

OUJI-CR 3-41
FAILURE TO REGISTER AS A VIOLENT OFFENDER

No person may be convicted of failing to register as a violent offender under the Mary Rippy Violent Crime Offenders Registration Act unless the State has proved beyond a reasonable doubt each element of the crime.

First, the person has (been convicted of)/(received a suspended sentence for)/(received a probationary term under the law of [specify other jurisdiction] for)/(received a deferred judgment for) [specify the particular crime listed in 57 O.S. 2021, § 593(B)]; 

Second, the person received notice that he/she was required to register as a violent offender with the Department of Corrections and the local law enforcement authority having jurisdiction in the area where the offender resides or intends to reside;

Third, the person failed to register with the (Department of Corrections)/([specify the particular local law enforcement agency for the area where the person resides or intends to reside])/(Department of Corrections and the [specify the particular local law enforcement agency for the area where the person resides or intends to reside]);

Fourth, within [specify period of time in 57 O.S. 2021, § 594(A) or (B)] after [specify the particular event in 57 O.S. 2021, § 594(A) or (B) that triggered the registration requirement].

______________________________

Statutory Authority: 57 O.S. 2021, §§ 593, 594.

Notes on Use

The "local law enforcement authority" is defined in 57 O.S. 2021, § 592. 

Committee Comments

The Oklahoma Court of Criminal Appeals held in Burns v. State, 2019 OK CR 27, ¶ 6, 453 P.3d 1244, 1245, that the defendant must have been given notice of the registration requirement. To aid trial courts in providing that notice, the Court modified the Uniform Plea of Guilty form, Form 13.10, and the Uniform Judgment and Sentence form Form 13.8. Id. at ¶ 9, 453 P.3d at 1246. The Court also provided a suggested uniform jury instruction for the guidance of trial courts. Id. at ¶ 12, 453 P.3d at 1247. 

 

OUJI-CR 4-35
CHILD ABUSE - ELEMENTS

No person may be convicted of child abuse unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person willfully/maliciously; 

Second, harmed/(threatened harm to) the health, safety, or welfare; 

Third, of a child under the age of eighteen;

OR

First, a person responsible for a child's health, safety, or welfare;

Second, willfully/maliciously;

Third, harmed/(threatened harm)/(failed to protect from harm/(threatened harm)) to the health, safety, or welfare;

Fourth, of a child under the age of eighteen.

OR

First, a person willfully/maliciously;

Second, harmed/(threatened harm to) the health, safety, or welfare injured/tortured/maimed;

Third, of a child under the age of eighteen;

______________________________

Statutory Authority: 21 O.S. Supp. 2014 2021, § 843.5(A), (O)(1) .

Notes on Use

This Instruction should be used if the defendant is charged with child abuse that does not involve injuring, torturing, or maiming a child, which is covered in OUJI-CR 4-35A, infra. OUJI-CR 4-36 should be used if the defendant is charged with enabling abuse of a child. OUJI-CR 4-37 should be used if the defendant is charged with child neglect, OUJI-CR 4-39 should be used if the defendant is charged with child sexual abuse, and OUJI-CR 4-41 should be used if the defendant is charged with child sexual exploitation. Definitions are found in OUJI-CR 4-40D, infra.

Committee Comments

Section 843.5(A) previously had a cross reference to the definition of abuse in 10A O.S. 2011, § 1-105(2), which included a limitation that the person committing the abuse was a person responsible for the child's health, safety, or welfare. See Cox v. State, 2006 OK CR 51, ¶ 24, 152 P.3d 244, 253. The cross reference was deleted in 2014. The Committee believes some restriction on the scope of child abuse for failure to protect a child from harm or threatened harm is necessary to avoid imposing criminal liability on a person who has never met the child. The Legislature has declared that "it is the policy of this state to provide for the protection of children who have been abused or neglected ... by the conduct of persons responsible for the health, safety, and welfare of such children." 10A O.S. Supp. 2014, § 1-1-102(A)(3). Accordingly, the Committee has decided that the scope of child abuse for failure to protect a child from harm or threatened harm should be restricted to persons responsible for the child's health or safety, as defined in 10A O.S. Supp. 2014, § 1-1-105(51). These persons include the child's parent or guardian, as well as other persons who are responsible for the child's safety, either in the child's home, a relative's home, a foster care home, child care facility, or a residential institution. 

Section 843.5 was designed to protect a designated group of persons, children under the age of 18. Therefore, the age of the child is an element to be proved by the State. Holder v. State, 1976 OK CR 288, ¶ 18, 556 P.2d 1049, 1053.

The statute requires proof of a mental state of maliciousness or willfulness on the part of the defendant while in the performance of the proscribed conduct. Generally, however, intentional infliction of severe injuries upon a child will be sufficient to establish a prima facie case, reserving the issue of the sufficiency of the proof regarding the defendant's mental state to the jury. Smith v. State, 1979 OK CR 30, ¶ 8, 594 P.2d 784, 786.

In Fairchild v. State, 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622-23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp. 1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

 

OUJI-CR 4-35A
CHILD ABUSE (INJURE, TORTURE, MAIM) - ELEMENTS

No person may be convicted of child abuse unless the State has proved beyond a reasonable doubt each element of the crime. These elements are: 

First, a person willfully/maliciously; 

Second, injured/tortured/maimed;

Third, a child under the age of eighteen;

______________________________

Statutory Authority: 21 O.S. 2011, § 843.5(A).

Notes on Use

This Instruction should be used if the defendant is charged with child abuse that involves injuring, torturing, or maiming a child, and OUJI-CR 4-35, supra, should be used for other types of child abuse. OUJI-CR 4-36 should be used if the defendant is charged with enabling abuse of a child. OUJI-CR 4-37 should be used if the defendant is charged with child neglect, OUJI-CR 4-39 should be used if the defendant is charged with child sexual abuse, and OUJI-CR 4-41 should be used if the defendant is charged with child sexual exploitation. 

Committee Comments

Section 843.5 was designed to protect a designated group of persons, children under the age of 18. Therefore, the age of the child is an element to be proved by the State. Holder v. State, 1976 OK CR 288, 556 P.2d 1049. No special relationship is required under section 843.5(A) for persons who injure, torture, or maim a child.

The statute requires proof of a mental state of maliciousness or willfulness on the part of the defendant while in the performance of the proscribed conduct. Generally, however, intentional infliction of severe injuries upon a child will be sufficient to establish a prima facie case, reserving the issue of the sufficiency of the proof regarding the defendant's mental state to the jury. Smith v. State, 1979 OK CR 30, 594 P.2d 784.

In Fairchild v. State, 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622-23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp. 1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

 OUJI-CR 4-35 B A

USE OF ORDINARY FORCE BY PARENT FOR DISCIPLINE

It is not child abuse for a parent/teacher/person to use reasonable and ordinary force to discipline a child, including, but not limited to, spanking, switching, or paddling, so long as the force is reasonable in manner and moderate in degree.

_____________________________

Statutory Authority: 21 O.S. 2011 2021, § 643(4); 21 O.S. Supp. 2014 2021, § 843.5(L); 21 O.S. 2011 2021, § 844.

 

OUJI-CR 4-35 C B
CHILD ABUSE/NEGLECT - AFFIRMATIVE DEFENSE -
USE OF PRAYER FOR TREATMENT OF CHILD

Evidence has been introduced in this case that the defendant, in good faith, selected and depended upon spiritual means alone through prayer, and according to the tenets and practice of a recognized church/(religious denomination), for the (treatment/cure of a disease)/(remedial care) of a child. It is the burden of the State to prove beyond a reasonable doubt that the defendant did not, in good faith, select and depend upon spiritual means alone through prayer, and according to the tenets and practice of a recognized church/(religious denomination), for the (treatment/cure of a disease)/(remedial care) of the child. If you find that the State has failed to sustain that burden, then the defendant must be found not guilty.

______________________________

Statutory Authority: 10A O.S., 2011 2021, § 1-1-105(46 21).

 

OUJI-CR 4-36
ENABLING CHILD ABUSE - ELEMENTS

No person may be convicted of enabling the abuse of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person willfully/maliciously caused/procured;

Second, a willful/malicious act of harm/(threatened harm);

Third, to the health, safety, or welfare;

Fourth, of a child under the age of eighteen.

Fifth, by another person.

OR

First, a person responsible for a child's health, safety, or welfare;

Second, willfully/maliciously caused/procured/permitted;

Third, a willful/malicious act of harm/(threatened harm);

Fourth, to the health, safety, or welfare;

Fifth, of a child under the age of eighteen;

Sixth, by another person responsible for a child's health, safety, or welfare.

OR

First, a person responsible for a child's health, safety, or welfare;

Second, willfully/maliciously caused/procured/permitted another;

Third, another person responsible for a child's health, safety, or welfare;

Third Fourth, to willfully/maliciously fail to protect from harm/ (threatened harm) to the health, safety, or welfare;

Fourth Fifth, of a child under the age of eighteen;

OR

First, a person responsible for a child's health, safety, or welfare;

Second, willfully/maliciously caused/procured/permitted another;

Third, another person;

Third Fourth, to willfully/maliciously injure/torture/maim;

Fourth, fail to protect from harm/(threatened harm) to the health, safety, or welfare;

Fifth, of a child under the age of eighteen ; .

["Permitted" means authorized or allowed for the care of the child by an individual when the person authorizing or allowing such care knew or reasonably should have known that the child would be placed at risk of abuse.]

______________________________

Statutory Authority: 21 O.S. Supp. 2014 2021, § 843.5(B), (O)(1), (O)(5) .

Notes on Use

The bracketed definition of "permitted" should be given only if applicable. A definition of "procured" is found in OUJI-CR 4-40D, infra.

Committee Comments

What distinguishes the crime of child abuse from the crime of enabling child abuse under 21 O.S. Supp. 2014 2021, § 843.5(B) is that enabling child abuse involves the "causing, procuring or permitting" of the willful or malicious harm or threatened harm or failure to protect from harm or threatened harm to the health, safety, or welfare of a child. A person who caused or procured child abuse would be guilty of child abuse as a principal. See OUJI-CR 2-5, supra. However, a person who permitted child abuse would not necessarily be guilty of child abuse. In order to be guilty of enabling child abuse by permitting it under 21 O.S. Supp. 2014 2021, § 843.5(B), a person must 1) authorize or allow for the child's care, and 2) know or reasonably should know that the child is being placed at risk of abuse. Under 21 O.S. Supp. 2014 2021, § 843.5(B), enabling child abuse is limited to includes both the causing, procuring or permitting a willful or malicious act of harm or threatened harm or failure to protect from harm or threatened harm to the health, safety, or welfare of a child, and § 843.5(B) does not include causing, procuring or permitting the willful or malicious injury, torture or maiming of a child.

In Fairchild v. State, 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622-23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp. 1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

 

OUJI-CR 4-37
NEGLECT OF CHILD - ELEMENTS

No person may be convicted of neglect of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person responsible for the child's health, safety, or welfare;

Second, willfully/maliciously;

[Third, failed/omitted to provide;

Fourth, [adequate (nurturance and affection)/food/clothing/shelter/ sanitation/hygiene)/(appropriate education)]/(medical/dental/(behavioral health) care/ [supervision/(appropriate caretakers) to protect the child from harm/(threatened harm) of which any reasonable and prudent person responsible for the child's health, safety or welfare would be aware]/(special care made necessary for the child's health and safety by the physical/mental condition of the child);

Fifth, for a child under the age of eighteen.]

OR

[Third, failed/omitted to protect;

Fourth, a child under the age of eighteen from exposure to;

Fifth, (the use/possession/sale/manufacture of illegal drugs)/(illegal activities)/(sexual acts or materials that are not age-appropriate).]

OR

[Third, abandoned;

Fourth, a child under the age of eighteen.]

______________________________

Statutory Authority: 21 O.S. Supp. 2019 2021, § 843.5(C), (O)(2), 10A O.S. Supp. 2019 2021, § 1-1-105(48 49).

.

Notes on Use

Activities that might not constitute neglect are set out in OUJI-CR 4-35B, supra, and 4-37A, infra 

Committee Comments

The Committee believes some restriction on the scope of child neglect under 21 O.S. Supp. 2019, § 843.5(C) and 10A O.S. Supp. 2019, § 1-1-105(48) is necessary because otherwise a person would be in violation of the statute for failing to provide food or shelter to a child that the person had never met. The Legislature has declared that "it is the policy of this state to provide for the protection of children who have been abused or neglected ... by the conduct of persons responsible for the health, safety, and welfare of such children." 10A O.S. Supp. 2019, § 1-1-102(A)(3). Accordingly, the Committee has decided that the scope of child neglect should be restricted to persons responsible for the child's health or safety, as defined in 10A O.S. Supp. 2019, § 1-1-105(52). These persons include the child's parent or guardian, as well as other persons who are responsible for the child's safety, either in the child's home, a relative's home, a foster care home, child care facility, or a residential institution.

The crime of omission to provide for a child is governed by 21 O.S. 2011, § 852(A). See OUJI-CR 4-40A, infra. Its elements are similar to the elements for child neglect, but in contrast to child neglect, omission to provide for a child is a misdemeanor. Unlike child neglect, omission to provide for a child includes willful omission to furnish monetary child support or the payment of court-ordered day care or medical insurance costs.

In Fairchild v. State, 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622-23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp. 1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

 

OUJI-CR 4-37A
NEGLECT OF CHILD - ACTIVITIES
NOT CONSTITUTING NEGLECT

"Neglect" shall not mean a child who engages in independent activities, except if the person responsible for the child's health, safety or welfare willfully disregards any (harm/(threatened harm) to the child, given the child's level of maturity/(physical condition)/(mental abilities). Such independent activities include but are not limited to:

(1) traveling to and from school including by walking/running/ bicycling,

(2) traveling to and from nearby commercial or recreational facilities,

(3) engaging in outdoor play,

(4) remaining at home unattended for a reasonable amount of time,

(5) remaining in a vehicle if the temperature inside the vehicle (is not)/(will not) become dangerously hot/cold, except if [describe applicable conditions in Section 11--1119 of Title 47 of the Oklahoma Statutes, such as that the child is accompanied by a person who is at least twelve years of age], or

(6) engaging in similar activities (alone/(with other children).

_____________________________

Statutory Authority: 10A O.S. 2021, § 1-1-105(49).

Notes on Use

This Instruction lists independent activities that might not constitute "neglect." This should be given only if applicable, and it should include only those activities that are pertinent to the case. 10A O.S. 2021, § 1-1-105(49)(b).

 

OUJI-CR 4-38
ENABLING CHILD NEGLECT - ELEMENTS

No person may be convicted of enabling the neglect of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person responsible for a child's health, safety, or welfare;

Second, willfully/maliciously caused/procured/permitted;

[Second Third, a willful/malicious failure/omission by a another person responsible for a child's health, safety or welfare to willfully/maliciously fail/omit to provide;

Third Fourth, to provide [adequate (nurturance and affection)/food /clothing/shelter/ sanitation/hygiene)/(appropriate education)]/ (medical/dental/ (behavioral health) care/ [supervision/(appropriate caretakers) to protect the child from harm/(threatened harm) of which any reasonable and prudent person responsible for the child's health, safety or welfare would be aware]/(special care made necessary for the child's health and safety by the physical/mental condition of the child);

Fourth Fifth, for a child under the age of eighteen.]

OR

[Second Third, a willful/malicious failure/omission by a another person responsible for a child's health, safety or welfare to willfully/maliciously fail/omit;

Third Fourth, to protect a child under the age of eighteen from exposure to;

Fourth Fifth, (the use/possession/sale/manufacture of illegal drugs)/ (illegal activities)/(sexual acts or materials that are not age-appropriate).]

OR

[Second Third, willful/malicious abandonment by a another person responsible for a child's health, safety or welfare to willfully/maliciously abandon;

Third Fourth, of a child under the age of eighteen.]

["Permitted" means authorized or allowed for the care of the child by an individual when the person authorizing or allowing such care knew or reasonably should have known that the child would be placed at risk of neglect.]

______________________________

Statutory Authority: 21 O.S. Supp.2014 2021, § 843.5(D), (O)(2), (O)(6), 10A O.S. Supp.2014 2021, § 1-1-105(47 49).

Notes on Use

OUJI-CR 4-36, supra, should be used if the defendant is charged with enabling child abuse. Activities that might not constitute neglect are set out in OUJI-CR 4-35B and 4-37A, supra. Definitions are found in OUJI-CR 4-40D, infra.

Committee Comments

In Fairchild v. State, 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622-23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp. 1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

 

OUJI-CR 4-38A
ENABLING CHILD NEGLECT - ELEMENTS (PERMITTING) 

No person may be convicted of enabling the neglect of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person responsible for a child's health, safety or welfare;

Second, willfully/maliciously permitted;

[Third, a willful/malicious failure/omission by a person responsible for a child's health, safety or welfare;

Fourth, to provide (adequate (nurture and affection)/food/clothing/ shelter/sanitation/hygiene)/(appropriate education)/((medical/dental/ (behavioral health) care)/supervision/(appropriate caretakers)/(special care made necessary by the physical/mental condition of the child);

Fifth, for a child under the age of eighteen;]

OR

[Third, a willful/malicious failure/omission by a person responsible for a child's health, safety or welfare;

Fourth, to protect a child under the age of eighteen from exposure to;

Fifth, (the use/possession/sale/manufacture of illegal drugs)/(illegal activities)/(sexual acts or materials that are not age-appropriate).]

OR

[Third, willful/malicious abandonment by a person responsible for a child's health, safety or welfare;

Fourth, of a child under the age of eighteen.]

["Permitted" means authorized or allowed for the care of the child by an individual when the person authorizing or allowing such care knew or reasonably should have known that the child would be placed at risk of neglect.]

_____________________________

Statutory Authority: 21 O.S. Supp. 2014, § 843.5(D), 10A O.S. Supp. 2014, § 1-1-105(47).

Notes on Use

OUJI-CR 4-36 should be used if the defendant is charged with enabling child abuse. Definitions are found in OUJI-CR 4-40D, infra.

Committee Comments

In Fairchild v. State, 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622-23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp. 1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

 

OUJI-CR 4-39
SEXUAL ABUSE/EXPLOITATION OF CHILDREN - ELEMENTS

No person may be convicted of the sexual abuse/exploitation of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person responsible for a child's health, safety or welfare;

Second, willfully/maliciously engaged in;

Second Third, rape/(sexual intercourse)/(penetration of the vagina or anus, however slight, by an inanimate object or any part of the human body not amounting to sexual intercourse/sodomy/incest/(making a lewd/indecent acts/proposals) act/proposal/(specify other sexual abuse);

Third, Fourth, of/with/to a child under the age of eighteen/twelve.

OR

First, a person willfully/maliciously;

Second, Encouraged/allowed/permitted a child under the age of eighteen/twelve to engage engaged in prostitution/(specify other the particular allegation of sexual exploitation enumerated in 21 O.S. § 843.5(O)(4)); )

Third, of/to/with a child under the age of eighteen/twelve.

OR

First, a person willfully/maliciously;

Second, encouraged/allowed/permitted/(engaged in) the lewd/obscene/pornographic photographing/filming/depicting of a child under the age of eighteen/twelve by another person.

______________________________

Statutory Authority: 21 O.S. Supp. 2015 2021, § 843.5(E), (F), (H), and (I), (O)(3), (O)4).

Notes on Use

The trial court should give a separate instruction on the elements of the particular sexual abuse or sexual exploitation that has been alleged. The various types of child sexual abuse and child sexual exploitation are listed in 21 O.S. 2021, § 843.5(O)(3), (4).

OUJI-CR 4-35, supra, should be used if the defendant is charged with child abuse. 

Committee Comments

In A.O. v. State, 2019 OK CR 18, 447 P.3d 1179, the Oklahoma Court of Criminal Appeals decided that the State was required to prove the elements of the underlying crime involving child sexual abuse beyond a reasonable doubt. Id. at ¶ 9, 447 P.3d at 1182. The defendant in A.O. was originally charged with sexual battery under 21 O.S. Supp. 2019, § 1123(B), but the State was unable to prove the necessary elements under § 1123, because of the ages of the defendant and the victim. The defendant was then adjudicated as a delinquent child for child sexual abuse under 21 O.S. Supp. 2019, § 843(E), but the Court of Criminal Appeals reversed, because the State did not prove the elements of the underlying crime. 

The Oklahoma Court of Criminal Appeals directed the use of a differently worded instruction for cases under 10 O.S. Supp. 1995, § 7115 in Huskey v. State, 1999 OK CR 3, ¶ 12, 989 P.2d 1, 7. A.O. v. State overruled Huskey. 2019 OK CR 18, ¶ 10, 447 P.3d 1179, 1182. The above instruction places the holding in Huskey in the format of the other instructions on child abuse and neglect. In ¶¶ 11-13 of the Huskey opinion, the Court applied the definitions of sexual abuse and sexual exploitation set out in 10 O.S. Supp. 1998, § 7102(B)(6) and (7). These definitions include the restriction that the sexual abuse or sexual exploitation must be "by a person responsible for a child's health or safety." 

In Fairchild v. State, 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622-23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp. 1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

Enhanced punishment for sexual abuse and sexual exploitation of children under the age of twelve was added in 2007.

 

OUJI-CR 4-40
ENABLING THE SEXUAL ABUSE/EXPLOITATION
OF CHILDREN - ELEMENTS

No person may be convicted of enabling the sexual abuse/exploitation of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person willfully/maliciously ;

Second, caused/procured/permitted;

Second Third, another person who was responsible for the child's health, safety or welfare;

Third Fourth a willful/malicious to willfully/maliciously engage in;

Third Fifth, rape/(sexual intercourse)/(penetration of the vagina or anus, however slight, by an inanimate object or any part of the human body not amounting to sexual intercourse/sodomy/incest/(making a lewd/indecent acts/proposals) act/proposal)/(specify other sexual abuse);

Fourth Sixth, of/with/to a child under the age of eighteen by another person.

OR

First, a person willfully/maliciously caused/procured;

Second, another person to willfully/maliciously;

Third, (encourage/allow/permit a child under the age of eighteen to engage in prostitution)/(specify other sexual exploitation).

OR

First, a person willfully/maliciously caused/procured;

Second, another person to willfully/maliciously;

Third, (encourage/allow/permit,(engage in) the lewd/obscene/pornographic photographing/filming/depicting of a child under the age of eighteen by another person.

OR

First, a person responsible for the child's health, safety or welfare;

Second, willfully/maliciously ;

Third, caused/procured/permitted;

Third Fourth, a willful/malicious;

Fourth Fifth, [specify particular allegation of sexual abuse or sexual exploitation enumerated in 21 O.S. Supp. 2014 2021, § 843.5(G) or (H)] (O)(4)];

Fifth Sixth, of/to/with a child under the age of eighteen;

Sixth Seventh, by (another person).

["Permitted" means authorized or allowed for the care of the child by an individual when the person authorizing or allowing such care knew or reasonably should have known that the child would be placed at risk of sexual abuse/exploitation.]

______________________________

Statutory Authority: 21 O.S. Supp. 2014 2021, § 843.5 (G), and (J), (O)(3), (O)(4), and (O)(8).

Notes on Use

The trial court should give a separate instruction on the elements of the particular sexual abuse or sexual exploitation that has been alleged. The various types of child sexual abuse and child sexual exploitation are listed in 21 O.S. 2021, § 843.5(O)(3), (4). Definitions are found in OUJI-CR 4-40D, infra. The definition of "permitted" should be given if "permit" or "permitted" is used in the Instruction.

Committee Comments

In Fairchild v. State, 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622-23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp. 1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

 

OUJI-CR 4-40D
CRIMES AGAINST CHILDREN - DEFINITIONS

Abandonment of a child -

A willful refusal or failure to adequately provide for a child, and not a mere failure on account of inability.

References: 21 O.S. 2011, § 853; Bingham v. State, 1971 OK CR 322, ¶ 9, 488 P.2d 603, 604; Rowden v. State, 1964 OK CR 120, ¶ 11, 397 P.2d 515, 517.

Committee Comments

A different definition of abandonment is found in the Oklahoma Children's Code at 10A O.S. 2011 2021, § 1-1-105(1). The above definition is more appropriate for the criminal context than the definition in the Oklahoma Children's Code, which applies to termination of parental rights.

Child -

Any person under eighteen years of age.

Committee Comments

Although 10A O.S. 2011 2021, § 1-1-105(7 8) defines a child as an unmarried person under the age of 18, the Committee has concluded this definition should not be applied to limit the scope of 21 O.S. 2011 2021, § 843.5 to unmarried persons because the plain language of section 843.5 specifies that it applies to a child under the age of eighteen without any limitation that the child must be unmarried.

Child Abuse -

Willful/Malicious (harm)/(threatened harm)/(failure to protect from (harm)/(threatened harm)) to the health, safety, or welfare of a child by a person responsible for the child's health, safety, or welfare.

OR

Willfully/Maliciously Injuring/Torturing/Maiming injuring/torturing/maiming a child under the age of eighteen.

References Reference: 21 O.S. 2011 2021, § 843.5(A O) (1); 10A O.S. 2011, § 1-1-105(2)

Notes on Use

This definition is to be used only with OUJI-CR 4-40B supra for child endangerment.

Child Sexual Abuse -

The willful/malicious sexual abuse of a child under eighteen (18) years of age by a person responsible for a child's health, safety or welfare and includes, but is not limited to: (sexual intercourse)/(penetration of the vagina or anus, however slight, by an inanimate object or any part of the human body not amounting to sexual intercourse)/sodomy/incest/(a lewd act/proposal). 

Reference: 21 O.S. 2021, § 843.5(O)(3).

Notes on Use

This definition is to be used only with OUJI-CR 4-40B supra for child endangerment.

Harm/(Threatened Harm) to the Health or Safety of a Child -

Any real/threatened physical/mental/emotional injury/damage to the body/mind that is not accidental.

Reference: 10A O.S. 2011 2021, § 1-1-105(2)(a).

Committee Comments

The definition of "abuse" in 10A O.S. 2011 2021 , § 1-1-105(2) states that it involves harm or threatened harm to the health, safety, or welfare of a child, and then the statute defines "harm or threatened harm to the health or safety of a child." The statutes, however, do not provide a definition of harm or threatened harm to the welfare of a child.

Incest -

Marrying/(Committing adultery)/Fornicating with a child by a person responsible for the health, safety or welfare of a child.

Reference: 21 O.S. 2021, § 843.5(O)(9).

Knowingly -

With personal awareness of the facts..

Reference: 21 O.S. 2011 2021, § 96.

Lewd Act or Proposal -

(Making any oral/written/electronic/computer-generated lewd/indecent proposal to a child for the child to have unlawful sexual relations/intercourse with any person)/((Looking upon)/Touching/Mauling/Feeling the body/(private parts of a child) (in a lewd/lascivious manner)/(for the purpose of sexual gratification)/(Asking/Inviting/Enticing/Persuading any child to go alone with any person to a secluded/remote/secret place for a lewd/lascivious purpose)/(Urinating/Defecating upon a child)/(Causing/Forcing/Requiring a child to defecate/urinate upon the body/(private parts) of another person for the purpose of sexual gratification)/(Ejaculating upon/(in the presence of) a child/(Causing/Exposing/Forcing/Requiring a child to look upon the body/(private parts of another person) for the purpose of sexual gratification)/(Causing/Forcing/Requiring any child to view any (obscene materials)/(child pornography)/(materials deemed harmful to minors)/(Causing/Exposing/Forcing/Requiring a child to look upon sexual acts performed in the presence of the child for the purpose of sexual gratification)/(Causing/Forcing/Requiring a child to touch/feel the body/(private parts) of the child/(another person) for the purpose of sexual gratification).

Reference: 21 O.S. 2021, § 843.5(O)(10).

Maiming -

Infliction on another of a physical injury that disables or disfigures or seriously diminishes physical vigor, performed with the intent to cause any injury.

Malicious -

The term imports a wish to vex, annoy or injure another person.

Reference: 21 O.S. 2011 2021, § 95.

Person Responsible for a Child's Health, Safety or Welfare -

A parent/(legal guardian)/custodian/(foster parent)/(a person eighteen (18) years of age or older with whom the child's parent cohabitates, who is at least three (3) years older than the child)/(a person eighteen (18) years of age or older or any other adult residing in the home of the child, who is at least three (3) years older than the child)/(an owner/operator/agent/employee/ volunteer of a public/private [residential home/institution/facility]/[day treatment program] that the child attended)/(an owner/operator/employee/ volunteer of a child care facility that the child attended)/(an intimate partner of the parent of the child)/(a person who has voluntarily accepted responsibility for the care or supervision of the child).

Reference: 10A O.S. 2011, § 1-1-105(50) 21 O.S. 2021, § 843.5(O) (12).

Permit -

To authorize or allow for the care of the child by an individual when the person authorizing or allowing such care knew or reasonably should have known that the child would be placed at risk of abuse/neglect/(sexual abuse)/(sexual exploitation).

Reference: 21 O.S. 2011 2021, § 843.5(B), (D), (G), and (J O(11).

Procure -

To induce or bring about.

References: Webster's Third New International Dictionary 1809 (2002); Black's Law Dictionary 1327 (9th ed. 2009).

Sexual Intercourse -

The actual penetration, however slight, of the vagina or anus by the penis.

Reference: 21 O.S. 2021, § 843.5(O(13).

Sodomy -

Penetration, however slight, of the (mouth of the child by a penis)/(vagina of a person responsible for a child's health, safety or welfare, by the mouth of a child)/(mouth of the person responsible for a child's health, safety or welfare by the penis of the child)/(vagina of the child by the mouth of the person responsible for a child's health, safety or welfare).

Reference: 21 O.S. 2021, § 843.5(O(13).

Torture -

Infliction of either great physical pain or extreme mental cruelty.

Reference: Berget v. State, 1991 OK CR 121, ¶ 31, 824 P.2d 364, 373; The Random House Dictionary (2d ed. 1988). But see Atterberry v. State, 1986 OK CR 186, ¶ 9, 731 P.2d 420, 423 (child abuse statute did not prohibit "threatened harm" or infliction of a "mental injury").

Unreasonable Force -

More than that ordinarily used as a means of discipline.

Reference: 21 O.S. 2011 2021, § 844.

Willful -

Purposeful. "Willful" is a willingness to commit the act or omission referred to, but does not require any intent to violate the law or to acquire any advantage.

References: 21 O.S. 2011 2021, § 92. Tarver v. State, 1982 OK CR 156, ¶¶ 12, 13, 651 P.2d 1332, 1334.

Committee Comments

Unlike other definitions of "willful" in these Uniform Jury Instructions, the definition of "willful" in OUJI-CR 4-40D deletes the phrase "or to injure another" in 21 O.S. 2011 2021, § 92. The Oklahoma Court of Criminal Appeals decided in Hockersmith v. State, 1996 OK CR 51, ¶ 12, 926 P.2d 793, 795, and Bannister v. State, 1996 OK CR 60, ¶¶ 5-6, 930 P.2d 1176, 1178, that the definition of "willful" in the context of a prosecution for the felony murder of a child under 21 O.S. Supp. 1999, § 701.7(C), should not have eliminated the requirement of an intent to injure. The above definition of "willful" conforms to the Hockersmith and Bannister cases. In Fairchild v. State, 1999 OK CR 49, ¶¶ 32, 45, 998 P.2d 611, 619, 621-22, the Court of Criminal Appeals overruled the Hockersmith and Bannister cases, but the Court also directed that the above definition of "willful" should continue to be used in prosecutions for the felony murder of a child under 21 O.S. Supp. 1999, § 701.7(C). Fairchild v. State, 1999 OK CR 49, ¶ 75, 998 P.2d at 626.